United States District Court
Southern District of Texas
**ENTERED**
May 10, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOHN DOE § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:14-cv-405 |
| § | |
| COLUMBIA BRAZORIA § | |
| INDEPENDENT SCHOOL DISTRICT § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

The Court has considered the Second Motion to Dismiss (Dkt. 31) filed by Defendant, Columbia Brazoria Independent School District ("CBISD") and finds that the Motion to Dismiss should be **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff's live pleading, his "Second Amended Original Petition," Dkt. 14, alleges that John Doe was a student in CBISD at some point in 2002, when Doe alleges that he was accosted and sexually assaulted by another male student while using the restroom at Columbia Elementary School, "While he was using the bathroom, he was accosted by a male student from behind [who] made sexual contact with [Doe] from the rear." Dkt. 14.

Doe alleges that his teacher should have noticed that such a "violent event" had occurred when he returned to the classroom, but failed to do so and was therefore deliberately indifferent. Doe also alleges that the school district "knew or should have known" that the assailant had committed such an act. At some point, Doe alleges that he himself was accused of inappropriately touching another student and he then "attempt[ed]

1

to tell the principal what had been done to him, [but he] was threatened with criminal action and expulsion from school." Doe also alleges that CBISD failed to protect him by failing to patrol the restrooms and failing to install cameras in the school restrooms, and that CBISD "failed to provide a sanctuary of safety and nurturance for its elementary public school students."

Doe alleges that, as a result of the alleged assault, he has suffered years of mental anguish, "struggling with issues pertaining to his sexuality, nonacceptance from his family and peers at school, humiliation, ostracism, and a great deal of mental strain and physical pain." Doe asserts causes of action under 29 U.S.C. § 1983, Title IX of the Educational Amendments Act of 1972, 20 U.S.C. § 1681(a), Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (Section 504), and the Americans with Disabilities Act. He seeks damages in excess of $450,000, plus his reasonable attorney's fees.

CBISD has now moved to dismiss all of Doe's claims in his amended pleadings. (Dkt. 31). That motion is now ripe. Doe has not filed a response to CBISD's motion. The Court finds that the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted because Doe fails to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings

and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Id*. To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 127 S.Ct. at 1965). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 127 S.Ct. at 1965). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 127 S.Ct. at 1966). Moreover, the court does not accept as true legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1950.

## ANALYSIS

### A. Section 1983

To state a section 1983 claim, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States; and (2) demonstrate that the

3

alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Further, where the plaintiff brings claims against a governmental entity such as a school district, the governmental entity can be held liable under § 1983 only when the entity itself causes the constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). This requires the execution of an official policy or custom that results in the injury made the basis of the § 1983 claim. *Monell*, 98 S.Ct. at 2035–36. This is referred to as "municipal liability."

Proof of such municipal liability sufficient to satisfy *Monell* requires: (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). An official policy may either be (1) a policy statement, ordinance, or regulation, or (2) "a persistent, widespread practice of . . . officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)); *see also Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010). "The three attribution principles identified here—a policymaker, an official policy, and the moving force of the policy—are necessary to distinguish individual violations perpetrated by local government employees from those

that can be fairly identified as actions of the government itself." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997).

In light of these authorities, after reviewing the amended pleading, the Court agrees with the well-reasoned arguments laid out in CBISD's motion, and the Court finds that Doe's conclusory allegations regarding Section 1983 wholly fail to meet the required standards.

### B. Title XI

A recipient of federal funds under Title IX may be held liable for discrimination stemming from student-on-student sexual harassment or assault. *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 644-45 (1999). However, to establish a claim under Title IX for a student-on-student claim, a plaintiff must show that the funding recipient is (1) deliberately indifferent to the sexual harassment/assault; (2) of which the funding recipient has actual knowledge; and (3) that the harassment/assault is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school. *Id*. A defendant's response to sexual harassment is considered deliberately indifferent only if it is "clearly unreasonable in light of the known circumstances." *Id*. at 648. Doe's allegations are not sufficient to state a claim under Title XI because he fails to allege that CBISD had actual

knowledge of the alleged assault, or that the assault effectively deprived him of access to educational opportunities or the benefits of school.

### C. 504 and the ADA

Next, the Court turns to Doe's allegations under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (Section 504) and the Americans with Disabilities Act. Section 504 provides that "[n]o otherwise qualified individual with a disability...shall, solely by reason of...his disability, be excluded from the participation, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The Americans with Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Because the terms of Title II of the ADA and section 504 of the Rehabilitation Act are so similar, this Court Doe's claims under the statutes together and applies "jurisprudence interpreting either section" to both. *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *D.A. v. Houston Indep. Sch. Dist*., 629 F.3d 450, 453 (5th Cir. 2010) (evaluating the plaintiff's claims under section 504 and the ADA together because the Fifth Circuit "equated liability standards" under the two statutes).

Doe's allegations are extremely cursory. Doe alleges that he received services under 504, but he does not disclose the reason, other than stating that he had a "condition" such that "he was often sent of [sic] his room to test in a separate place or

study in a separate area." Even read broadly, this will not suffice as an allegation that Doe was an individual with a disability, or that he was discriminated against or harassed on the basis of that disability.

Further, to recover compensatory damages under the ADA or Section 504, a plaintiff must demonstrate intentional discrimination. *Delano–Pyle v. Victoria Cnty.*, 302 F.3d 567, 574 (5th Cir. 2002). To demonstrate disability discrimination in an educational context, "something more than a mere failure to provide a fair, appropriate public education under the IDEA must be shown." *Bennett–Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005). The ADA and section 504 "do not create a general tort liability for educational malpractice." *D.A.*, 629 F.3d at 454.

## CONCLUSION

After reviewing CBISD's motion to dismiss against Doe's allegations in his amended pleading, the Court finds that Doe's pleading fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and that his lawsuit should therefore be DISMISSED, **with prejudice**.

A separate order of dismissal will be entered.

All other pending motions are **DENIED** as moot.

**SIGNED** at Galveston, Texas on May 10, 2016.

*George C. Hanks, Jr.*
George C. Hanks, Jr.
United States District Judge